UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH VIGGIANO,

        Petitioner,

v.                                          CASE NO. 05-CV-70112-DT
                                           HONORABLE NANCY G. EDMUNDS

HELEN MARBERRY,

        Respondent.
_____/

## ORDER OF DISMISSAL

**I. Introduction**

      Petitioner Joseph Viggiano is a federal inmate currently confined in a halfway house. He initiated this action in the United States District Court for the District of Columbia by filing a *pro se* complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The named defendants were the federal Bureau of Prisons and two of its employees, James R. Taberling and Matthew Hibbard. Petitioner sought money damages, immediate release from incarceration, other injunctive relief, and a criminal investigation against the individual defendants.

      The District of Columbia construed Petitioner's pleading as a habeas corpus petition after determining that Petitioner was seeking eligibility for a drug treatment program that offers a reduced sentence upon successful completion of the program. *See* 18 U.S.C. §3621(e)(2)(B). The District of Columbia then transferred Petitioner's case to this District, because Petitioner was confined at the federal prison in Milan, Michigan at the time.

      Upon receipt of the pleading here, the Court assessed the $5.00 filing fee for habeas

actions and amended the caption to name Petitioner's warden as the respondent.  Currently pending before the Court are Petitioner's request to amend his pleading and to clarify his intentions [Doc. #7] and his "Motion to Amend Treatment of Action" [Doc. #8].  Petitioner wants the Court to substitute the original defendants for the respondent and to treat his pleading as a civil rights complaint, not a habeas corpus petition.  Petitioner states that he is not contesting the decision to deny him eligibility for a drug treatment program.  He claims instead to be contesting the fact that the defendants named in his initial complaint lied to him about the requirements and protocols for the drug treatment program.  He further alleges that the defendants discriminated against him and violated his right to due process and his Eighth Amendment right not to be subject to cruel and unusual punishment.  He continues to seek monetary and injunctive relief, but he wants to delete his request for immediate release from confinement.

**II.  Discussion**

Whether Petitioner's pleading is characterized as a civil rights complaint or a habeas petition under 28 U.S.C. § 2241, Petitioner is required to exhaust administrative remedies for his claims.  *See* 42 U.S.C. § 1997e(a); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981).  The exhaustion requirement generally is

> required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi,* 422 U.S. 749, 765 (1975).

The federal Bureau of Prisons maintains an administrative remedy program through

which inmates may seek formal review of issues relating to any aspect of their confinement. *See* 28 C.F.R. § 542.10(a). Pursuant to that program, inmates must first seek informal resolution of their concerns with staff. If they are unsuccessful, they may submit a request for administrative remedy to the warden of the prison. 28 C.F.R. §§ 542.13-14. An inmate who is dissatisfied with the warden's response may appeal to the appropriate regional director for the Bureau of Prisons. 28 C.F.R. § 542.15. The regional director's decision may be appealed to General Counsel for the Bureau of Prisons. *Id.* "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Petitioner concedes that he has not exhausted administrative remedies for his claims. He contends that he had no reason to believe there were grounds for a grievance because defendants intimated as much to him. He further contends that filing a grievance would have been futile, because by the time he realized he had a grievable issue, the time frame in which the drug treatment program would have been most beneficial to him had lapsed.

The exhaustion requirement may be excused when (1) requiring resort to the administrative remedy would cause undue prejudice to subsequent assertion of a court action, (2) there is some doubt as to whether the agency is empowered to grant effective relief, or (3) the administrative body is biased or has otherwise predetermined the issue. *McCarthy v. Madigan*, 503 U.S. 140, 146-48 (1992). None of these circumstances is present here. Moreover, the pleading and exhibits indicate that Petitioner attempted to enroll in the drug treatment program in the autumn of 2003. Petitioner alleges that, on November 14, 2003, Mr. Hibbard promised to call him within six weeks and to screen him for eligibility before a new class began in January of 2004. Petitioner could have filed an administrative complaint when the new class commenced

without him.

## III.  Conclusion

Petitioner has failed to exhaust administrative remedies for his claims, and he has not alleged a sufficient basis for excusing the exhaustion requirement.  Therefore, his motion to amend treatment of this action [Doc. #8] is DENIED.  Petitioner's request to amend or clarify his pleading [Doc. #7] is GRANTED, but this action is DISMISSED without prejudice for failure to exhaust administrative remedies.

                S/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated:  May 11, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 11, 2005, by electronic and/or ordinary mail.

                S/Carol A. Hemeyer
                Case Manager